UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LESTER D. WILLIAMS,

        Petitioner,        Case No. 1:09-cv-467

v.        Honorable Robert Holmes Bell

CARMEN PALMER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner is incarcerated in the Michigan Reformatory. On January 31, 1991, he was convicted in the Wayne County Circuit Court of unarmed robbery, MICH. COMP. LAWS § 750.530. Petitioner pleaded guilty to being a fourth habitual offender, MICH. COMP. LAWS § 769.12. The trial court sentenced him on February 15, 1991, to a parolable term of life imprisonment. The Michigan Court of Appeals affirmed his conviction on December 10, 1993, and the Michigan Supreme Court denied his application for leave to appeal on May 27, 1994.

On August 3, 2007, Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court. The court denied his motion on August 23, 2007, and his motion for reconsideration on October 24, 2007. The Michigan Court of Appeals and the Michigan Supreme Court subsequently denied his applications for leave to appeal on June 9, 2008, and November 25, 2008, respectively.

Petitioner now brings the following six grounds for habeas corpus relief: (1) the trial court committed reversible error when it refused to give the jury Petitioner's requested instructions on intent to commit the crime of unarmed robbery and on police witnesses; (2) insufficient evidence was presented to convict Petitioner beyond a reasonable doubt; (3) Petitioner was not convicted by a jury of twelve jurors; (4) Petitioner's Sixth Amendment rights were violated due to several instances of ineffective assistance of trial counsel; (5) Petitioner's due process and equal protection rights were violated when the prosecutor failed to properly file sentence enhancement information within fourteen days after the arraignment and failed to timely notify Petitioner of the enhancement in violation of MICH. COMP. LAWS § 769.13(1); and (6) Petitioner's Sixth Amendment rights were

violated when his appellate counsel failed to raise obvious and significant issues on direct appeal. (Pet., Attach. C, docket #1-4).

Petitioner also brings a motion for equitable tolling of the statute of limitations (docket #4), which will be addressed below.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on May 27, 1994. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 25, 1994.

A petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, had one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Petitioner, therefore, had until April 24, 1997, in which to file his habeas petition. The instant petition was filed on or about May 22, 2009, more than twelve years after the statute of limitations expired.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. *Payton*, 256 F.3d at 408. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired in 1997, his collateral motions filed in 2007 cannot serve to revive the limitations period.

Petitioner concedes that his petition is untimely, but moves for equitable tolling of the statute of limitations. The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d at 401; *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner claims that he was prevented from timely filing his habeas petition due to health-related issues that diminish his cognitive abilities. He makes the following specific allegations (verbatim):

> Petitioner contends that he is a handicap-prisoner who has serious-sitting problems in which he is unable to sit for extended periods of time, making it impossible for him to concentrate on writing a simple letter, let alone legal arguments requiring time and an acumen far beyond his abilities; due to his circulatory problems, and his susceptibility of heat-related illness. Which requires that he be provided with the following Accommodation(s): **Housing**: Petitioner must at all times be assigned to a Bottom Bunk and provided Extra Bedding. **Work Assignment**: Light Duty/no kitchen. **Medical Equipment/Supplies**: Cane (wood), Prescription Shoe (diabetic shoes from PT), Special Garment (Sigvaris Hose), Other (form wedges), Other (RMO approved tennis shoes), Other (Handicap Table).
>
> That he suffer from a serious arterial-flow problem that causes him to be slow to understand or perceive some things, that can result in extreme bouts of confusion and forgetfulness, where he is simply unable to grasp the seriousness of the situation or the legal requirement necessary for filing his claim even after having it explained to him over and over.

(Br. in Support, 2-3, docket #5).

Petitioner's allegations do not present the exceptional circumstances that would warrant application of equitable tolling. Ten years passed from the expiration of the statute of limitations until Petitioner filed his motion for relief from judgement in the state court. After the Michigan Supreme Court denied his application for leave to appeal on November 25, 2008, Petitioner waited an additional six months to file his habeas petition. In light of these significant delays, I cannot find that Petitioner diligently pursued his rights.

Petitioner also has failed to allege any "extraordinary circumstance" that stood in his way of timely filing his habeas petition. A mental or physical illness tolls a statute of limitations if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *Price*

*v. Lewis*, 119 F. App'x 725, 726-27 (6th Cir. 2005) (citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) and *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 168-70 (S.D.N.Y. 2000)). Petitioner does not allege how his inability to sit for long periods of time prevented him from timely filing his habeas corpus petition. *See Gaston v. Palmer,* 417 F.3d 1030, 1033-35 (9th Cir. 2005) (hearing voices, suffering from severe pain and multiple sclerosis, and being paralyzed from the waist down failed to warrant equitable tolling). Assuming that Petitioner had to be sitting in order to work on his petition, he should easily have been able to complete it during the periods that he was able to sit during the one-year limitations period.

Moreover, Petitioner fails to show how his alleged cognitive deficiencies prevented him from pursing his legal rights during the statute of limitations period. Petitioner claims that he suffers from an arterial-flow problem that causes him to be slow to understand things and results in extreme bouts of confusion and forgetfulness. Nevertheless, Petitioner was able to file motion for relief from judgment in the state circuit court and pursue it through the Michigan appellate courts. He also completed the instant habeas corpus petition, as well as the accompanying motion and brief for equitable tolling. It is the unusual long-term disability that improves over a ten-year period. It is therefore likely that Petitioner was better able to pursue his remedies in 1996 than he is now. "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Price*, 119 F. App'x at 726 (citing *Brown v. McKee,* 232 F. Supp. 2d 761, 768 (E.D. Mich. 2002)); *see also Cannon v. Kuhlmann,* No. 99Civ10101(DLC), 2000 WL 1277331, at *2 (S.D.N.Y. Sept. 7, 2000) (allegations of low intelligence, learning disability, memory loss, and use of psychiatric medication failed to show

petitioner was unable to pursue his habeas rights during the limitations period). Petitioner has demonstrated his ability to draft legal pleadings and pursue his legal claims, thus he cannot establish that extraordinary circumstances precluded him from filing his habeas petition for more than twelve years after the expiration of the limitations period. Accordingly, Petitioner's motion for equitable tolling of the statute of limitations should be denied.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I also recommend that Petitioner's motion for equitable tolling (docket #4) be denied. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: July 21, 2009  /s/ Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).