UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESTER D. WILLIAMS,

    Petitioner,

v.                                                                                                                                    CASE NO. 1:09-cv-467

CARMEN PALMER,                                                                                     HON. ROBERT HOLMES BELL

    Respondent.
_____/

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on a habeas corpus petition filed by Petitioner Lester D. Williams pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On May 22, 2009, Petitioner filed a motion for equitable tolling of the limitations period. (Dkt. No. 4.) On July 21, 2009, Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R"), recommending that this Court deny Petitioner's motion for equitable tolling and dismiss the petition as untimely. (Dkt. No. 10.) Petitioner filed objections to the R&R on August 4, 2009. (Dkt. No. 11.) This Court must review de novo those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner does not dispute that he did not file his petition until over twelve years after the expiration of the limitations period prescribed by 28 U.S.C. § 2244(d)(1). Rather, Petitioner objects to the Magistrate Judge's determination that the Court should not apply equitable tolling and consider his petition untimely.

The doctrine of equitable tolling should be applied sparingly. *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). In *Lawrence v. Florida*, 549 U.S. 327 (2007), the Supreme Court held that, for equitable tolling to apply, the Petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner attempts to justify his failure to timely file his petition as follows:

> Petitioner was physically and mentally prevented from accessing the Court through no wont [sic] of due diligence, but [a] health related issue that diminishes Petitioner's cogitative abilities. Petitioner suffers from [a] serious arterial-flow problem that causes him to be obtuse, or extreme bouts of confusion and forgetfulness, and he is simply unable to grasp the seriousness of the situation or the legal requirement necessary for filing his claim even after having it explained to him over and over. Petitioner's health problems that include extreme bouts of confusion and forgetfulness and the inability to understand the legal requirements interfered with his ability to pursue post conviction remedies and resulted in the delay in filing a motion for relief from judgment in state courts and the habeas petition in this court.

(Dkt. No. 11, Pet'r Objections 2-3.) Petitioner also contends that "he is a handicap-prisoner who has serious siting problems in which he is unable to sit for extended periods of time, making it impossible for him to concentrate on writing a simple letter, let alone legal

2

arguments requiring time and an acumen far beyond his abilities." (*Id.* at 3.) Nevertheless, the Court does not believe that Petitioner has satisfied either of the two requirements for equitable tolling set forth in *Lawrence*.

First, Petitioner has failed to demonstrate that he has been pursuing his rights diligently. It is important to note at the outset that, although a mental or physical illness does warrant equitable tolling in appropriate circumstances, the Petitioner bears the burden of introducing evidence of the illness. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *see also McSwain v. Davis*, 287 F. App'x 450, 456-57 (6th Cir. 2008) (unpublished) (finding it significant that "[t]he record contains substantial evidence to support [the petitioner's] assertion that she suffers from a mental illness."). Petitioner's motion for equitable tolling and his objections to the R&R contain only bald assertions that he is mentally and physically disabled. Petitioner has submitted no medical documentation or third-party affidavits that would enable the Court to objectively ascertain the precise nature of Petitioner's illness or the detrimental effect of that illness on Petitioner's ability to file a habeas petition. Nevertheless, even if the Court were to adopt Petitioner's characterization of his illness, the Court does not believe that Petitioner has been diligent in pursuing his rights. At most, "bouts of confusion and forgetfulness," inability "to sit for extended periods of time," and inability "to grasp the seriousness of the situation," may justify a small departure from the one-year limitations period. However, Petitioner's alleged handicaps are nowhere near severe enough for the Court to conclude that Petitioner was justified in waiting twelve years

3

to file his petition. This conclusion is reinforced by the fact that several of the claims for relief asserted in Petitioner's § 2254 motion are identical to Petitioner's claims on direct appeal, suggesting Petitioner would have had to do minimal additional work to file his habeas petition.[1] *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 170 (S.D.N.Y. 2000) ("Another reason that equitable tolling is inappropriate here is that [the petitioner] waited almost eight years after his conviction became final to file his current habeas petition, but his supporting brief merely copies portions of his brief on direct state appeal."). For these reasons, had Petitioner truly been diligent in pursuing his rights, his petition would have been filed long before it was.

In addition, Petitioner has not demonstrated that his alleged handicaps constitute an "extraordinary circumstance [that] stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). In *Price v. Lewis*, 119 F. App'x 725 (6th Cir. 2005) (unpublished), the Sixth Circuit considered whether mental or physical illness could constitute the requisite "extraordinary circumstance." The court held that "'[t]he exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity.'" *Id.* at 726 (quoting *Brown v. McKee*, 232 F. Supp. 2d 761, 768 (E.D. Mich. 2002)). The court determined that, because

---

[1] In fact, with regard to three of Petitioner's habeas claims, Petitioner's habeas petition itself merely states "[p]lease see attached Michigan Court of Appeals brief No. 139420 for facts supporting this issue." (Dkt. No. 1 Ex. C.)

4

the petitioner "actively pursued his claims during the limitations period by seeking and obtaining help completing paperwork," equitable tolling was not available on account of the petitioner's illness. Similarly, Petitioner concedes that he "repeatedly tried for years following when his conviction became final to seek assistance with pursing post-conviction remedies," and that "on many occasions petitioner had enlisted the assistant [sic] of fellow inmates to help him with access to the court." (Dkt. No. 11, Pet'r Objections 3.) As in *Price*, Petitioner's illness has not completely prevented Petitioner from "seeking and obtaining help completing legal paperwork" or otherwise pursing his claim. Therefore, Petitioner's illness does not rise to the level of an "extraordinary circumstance [that] stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336.

Because Petitioner has not demonstrated either of the two requirements for equitable tolling set forth in *Lawrence*, equitable tolling does not apply. Petitioner's habeas petition is therefore time-barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

Finally, the Court does not believe that rational jurists could determine that equitable tolling is appropriate in this case given the Supreme Court and Sixth Circuit precedent and facts at hand. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (noting that a certificate of appealability should be granted if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") Therefore, a certificate appealability will be denied. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the report and recommendation (Dkt. No. 11) are **DENIED**.

**IT IS FURTHER ORDERED** that the report and recommendation (Dkt. No. 10) is **APPROVED** and, combined with the discussion set forth herein, **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's motion for equitable tolling (Dkt. No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's petition under 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: March 10, 2010                     /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE